# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANGEL LUIS THOMAS, | : | No. 3:16-CV-00451 |
| Plaintiff, | : | (Judge Brann) |
| v. | : | (Chief Magistrate Judge Schwab) |
| ANGELA R. DUVALL, *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM OPINION and ORDER

### JULY 10, 2017

Before the Court for disposition is Chief Magistrate Judge Susan E. Schwab's Report and Recommendation, and Plaintiff Angel Luis Thomas' Objections to same. For the following reasons, Plaintiff's Objections will be overruled and Chief Magistrate Judge Schwab's Report and Recommendation will be adopted in its entirety. Counts I, II, III, and IV within Plaintiff's Complaint will therefore be dismissed with leave to refile within twenty one (21) days of this Order, and Defendant Ray Dunkle will be dismissed from this action with prejudice.

### I. PROCEDURAL BACKGROUND

On March 14, 2016, Plaintiff Angel Luis Duvall ("Plaintiff") filed a Complaint against DOC Defendants alleging the following claims: (1) Denial of Equal Protection under the Fourteenth Amendment to the United States

Constitution and 42 U.S.C. § 1983; (2) Violation of the Right of Access to Court under the First Amendment and Section 1983; (3) Conspiracy to Violate the Right of Access to Court under the First Amendment and Section 1983; (4) Violation of Privacy, Free Speech, and Free Association Rights under the First and Fourth Amendments and Section 1983; (5) Conspiracy to Violate Privacy, Free Speech, and Free Association Rights under the First and Fourth Amendments and Section 1983; (6) Conspiracy to Deny Equal Protection under Section 1985; (7) Conspiracy to Deter from Testifying in Federal Court under Section 1985 (raised only against defendants Duvall, Wendle, Green, and Superintendent Eckard); and (8) Neglect to Prevent Deterrence from Testifying in Federal Court under Section 1986 (raised only against defendants Wendle, Green, and Superintendent Eckard).[1] These claims are premised on various DOC Defendants' alleged impermissible interference with Plaintiff's right to confidential communications with his counsel in violation of rights under the First, Fourth, and Fourteenth Amendments.

On May 10, 2016, Defendants Angela Duvall, William Ritchey, Ron Smith, Matthew Ritchey, Michael Gill, Darren Dickson, Daniel Wendle, Ray Dunkle, Constance Green, and James Eckard filed a Motion to Dismiss.[2] Chief Magistrate Judge Schwab subsequently prepared a Report and Recommendation on this issue.[3]

---

[1]   ECF No. 1.
[2]   ECF No. 5.
[3]   ECF No. 13.

In this Report, Chief Magistrate Judge Schwab ultimately recommended that (1) DOC Defendants' Motion to Dismiss (ECF No. 5) be granted in part and denied in part; (2) Defendant Dunkle be dismissed from the action with prejudice; (3) counts I, II, III, and VI be dismissed without prejudice to Plaintiff filing an Amended Complaint within twenty one days of this Order; and (3) the case be remanded to her for further proceedings.

Plaintiff filed Objections to this Report and Recommendation on March 15, 2017,[4] and following briefing by both parties, the matter is ripe for disposition.[5]

## II. LAW

Upon designation, a magistrate judge may "conduct hearings, including evidentiary hearings, and ... submit to a judge of the court proposed findings of fact and recommendations."[6] Once filed, this Report and Recommendation is disseminated to the parties in the case who then have the opportunity to file written objections.[7] When objections are timely filed, the District Court must conduct a *de novo* review of those portions of the report to which objections are made.[8] Although the standard of review for objections is *de novo*, the extent of review lies

---

[4] ECF No. 14.

[5] ECF Nos. 15 & 16.

[6] 28 U.S.C. § 636(b)(1)(B).

[7] 28 U.S.C. § 636(b)(1).

[8] 28 U.S.C. § 636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011).

within the discretion of the District Court, and the court may otherwise rely on the recommendations of the magistrate judge to the extent it deems proper.[9]

For portions of the Report and Recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."[10] Regardless of whether timely objections are made by a party, the District Court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.[11]

### III. ANALYSIS

In the instant matter, Plaintiff lodges three (3)[12] objections requiring *de novo* review. Following such review, I am satisfied that Chief Magistrate Judge Schwab's Report is wholly correct in its suggested disposition, and thus will be adopted in its entirety.

### A. Defendant Dunkle Will Be Dismissed From This Action With Prejudice.

---

[9] *Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

[10] Fed. R. Civ. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987)) (explaining that judges should give some review to every report and recommendation).

[11] 28 U.S.C. § 636(b)(1); Local Rule 72.31.

[12] I note that, in Plaintiff's Objections to the Report and Recommendation, he argues at length that Counts 7 and 8 should not be dismissed. ECF No. 14, at 8. This argument is, however, without moment as the Report and Recommendation does not recommend dismissal of these claims. *See* Report and Recommendation (ECF No. 13) at 14 n. 9.

Plaintiff first objects to Chief Magistrate Judge Schwab's recommendation that all claims against Defendant Ray Dunkle be dismissed with prejudice because (1) Plaintiff lacks standing to raise a claim against him, and (2) Plaintiff lacks third party standing to raise a claim based on injuries suffered by I.W.—another inmate at SCI-Huntingdon. I agree with these conclusions. "The Supreme Court has explained that 'the irreducible constitutional minimum of standing contains three elements': (1) the invasion of a concrete and particularized legally protected interest and resulting injury in fact that is actual or imminent, not conjectural or hypothetical; (2) a causal connection between the injury and the conduct complained of, meaning that the injury must be fairly traceable to the challenged action of the defendant; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."[13] Furthermore, beyond the constitutional standing requirements embodied in Article III, the Supreme Court has also set prudential limitations on standing which may prevent parties from bringing an action in federal court.[14] This prudential standing doctrine requires that:

> (1) a litigant assert his [or her] own legal interests rather than those of third parties, (2) courts refrain from adjudicating abstract questions of wide public significance which amount to generalized grievances, and

---

[13] *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 278 (3d Cir. 2014)(quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (2014)).

[14] *Rodriguez v. Krancer*, 984 F.Supp.2d 356, 360 (M.D.Pa. 2013)(Caputo, J.).

> (3) a litigant demonstrate that her interests are arguably within the zone of interests intended to be protected by the statute, rule, or constitutional provision on which the claim is based.[15]

Plaintiff's attempts to bring claims against Defendant Dunkle fail under these justiciability doctrines. Specifically, Plaintiff's Complaint fails to allege actions taken by Defendant Dunkle against him, rather than I.W. Therefore, because the United States Court of Appeals for the Third Circuit has held that "a person does not have standing to vindicate the constitutional rights of a third party,"[16] Plaintiff cannot recover against Defendant Dunkle based on the factual pattern alleged.[17] Plaintiff's attempts to draw an attenuated connection between the allegations of misconduct by Defendant Dunkle against I.W. and resulting injuries he may have suffered are unavailing.[18] Adoption of this argument would erode the first party standing doctrine.

Furthermore, I find that, while this limitation can be overcome through the conference of third party standing, I am in agreement with the Report and Recommendation that Plaintiff has failed to meet that burden. Third-

---

[15] *Freeman v. Corzine*, 629 F.3d 146, 154 (3d Cir. 2010) (quoting *Oxford Assocs. v. Waste Sys. Auth. of E.* Montgomery County, 271 F.3d 140, 146 (3d Cir. 2001)).

[16] *James v. York Cnty. Police Dept.*, 160 F.App'x. 126, 131 (3d Cir. 2005).

[17] In fact, based on the extensive nature of allegations concerning Defendant Dunkle and I.W., I am in further agreement with Chief Magistrate Judge Schwab that amendment of this claim would be futile. *See Shane v. Fauver,* 213 F.3d 113, 115 (3d Cir. 2000)(Alito, J.)("'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted.")(quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)).

[18] *See* ECF No. 14, at 18.

party standing requires the satisfaction of three preconditions: 1) the plaintiff must suffer injury; 2) the plaintiff and the third party must have a "close relationship"; and 3) the third party must face some obstacles that prevent it from pursuing its own claims.[19] Within his pleading, Plaintiff fails to allege facts satisfying any of these three elements. Therefore, based on this failure to allege either first or third party standing, I will adopt the recommendation of Chief Magistrate Judge Schwab and dismiss Defendant Dunkle from this action with prejudice.[20]

### B. Counts I and VI Are Dismissed Without Prejudice.

Plaintiff next objects to Chief Magistrate Judge Schwab's recommendation that Counts I (Denial of Equal Protection under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983) and VI (Conspiracy to Deny Equal Protection under Section 1985) be dismissed without prejudice for failure to allege similarly situated comparators for equal protection purposes. The Equal Protection Clause of the Fourteenth Amendment requires that all similarly situated individuals be treated alike.[21] In his Complaint, Plaintiff advanced a class of DOC

---

[19] *Pennsylvania Psychiatric Soc. v. Green Spring Health Services, Inc.,* 280 F.3d 278, 288–89 (3d Cir. 2002) (citations omitted).

[20] Based on the extensive nature of allegations concerning Defendant Dunkle and I.W., I am in further agreement with Chief Magistrate Judge Schwab that amendment of this claim would be futile given this fundamental lack of justiciability. *See Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000)(Alito, J.)("'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted.")(quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)).

[21] *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).

comparators housed at SCI Huntingdon, SCI Smithfield, and SCI Benner in support of Counts I and VI. Judicially noticing[22] information from the DOC website which identifies the above facilities as distinct institutions,[23] Chief Magistrate Judge Schwab reasoned that, because inmates confined in different institutions are not similarly situated for equal protection purposes,[24] Plaintiff's claims relying on these comparators must be dismissed without prejudice.

Plaintiff objects to this recommendation. Specifically, in his Objections, Plaintiff again alleges that he has pled a plausible claim for relief in support of the Equal Protection violations in counts I and VI. In support of this argument, he again alleges the following class of comparators:

> DOC prisoners in general population whose security classification is the same as Thomas's classification, but who are not classified or perceived as Hispanic or Black.[25]

Plaintiff argues that this comparator class must be taken as true for purposes of the instant motion to dismiss and that Chief Magistrate Judge Schwab engaged in

---

[22] Fed. R. Evid. 201 ("The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

[23] Report and Recommendation (ECF No. 13) at 13.

[24] *See William v. Price*, 25 F.Supp.2d 605, 620 (W.D.Pa. 1997); *McKeithan v. Kerestes*, Civil Action No. 11-CV-1441, 2014 WL 3734569, at * 10 (M.D.Pa. July 28, 2014)(Caldwell, J.). *See also* Report and Recommendation (ECF No. 13) at 27–28 (replete with case citations supporting this proposition).

[25] ECF No. 8.

impermissible fact finding by judicially noticing SCI Huntingdon, SCI Smithfield, and SCI Benner's separate locations. I disagree.

First, while courts in this Circuit have found that a final determination of whether a party is similarly situated to another individual is inappropriate at the motion to dismiss stage, Plaintiff overstates this finding by arguing that "the class of comparators identified in the Complaint must be taken to be true."[26] At this stage of the proceedings, plaintiff must nevertheless "'allege facts sufficient to make plausible the existence of . . . similarly situated parties.'"[27] Here, the Report and Recommendation correctly found that Plaintiff had failed to allege a class of comparators not foreclosed by applicable law. Therefore, while Plaintiff suggests (without supporting case law) that this finding was in error, I am nevertheless in agreement with the Report and Recommendation on this issue.

Second, I also find Plaintiff's argument that Chief Magistrate Judge Schwab committed error by judicially noticing the separate locations of the above listed facilities to be unpersuasive. Federal Rule of Evidence 201 allows the court to take judicial notice at any stage of the proceeding of "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from

---

[26] ECF No. 14, at 9.

[27] *Borrell v. Bloomsburg Univ.*, 955 F. Supp.2d 390, 405 (M.D.Pa. 2013)(Caputo, J.)(quoting *Perano v. Twp. of Tilden*, 423 F.App'x. 234, 238 (3d Cir. 2011)).

sources whose accuracy cannot reasonably be questioned."[28] As this information from the DOC website has an accuracy which cannot reasonably be questioned and was in fact confirmed by this Court, judicial notice of same was proper.[29] I will therefore adopt Chief Magistrate Judge Schwab's recommendation on this matter and dismiss Counts I and VI[30] without prejudice.

### C. Counts II and III Are Dismissed Without Prejudice.[31]

Plaintiff's third objection concerns Chief Magistrate Judge Schwab's recommendation that counts II (Violation of the Right of Access to Court under the First Amendment and Section 1983) and III (Conspiracy to Violate the Right of Access to Court under the First Amendment and Section 1983) be dismissed without prejudice. Plaintiff specifically objects to the Report's finding that he has not suffered actual injury as a result of the alleged deprivation of confidential

---

[28] Fed. R. Evid. 201.

[29] While Defendant objects to judicial notice of photographic evidence indicating that the cited state correctional facilities are at separate locations, he nevertheless invites the Court to go beyond facts not subject to reasonable dispute, and judicially notice mathematic calculations concerning DOC inmate demographics across multiple facilities. Defendants, however, dispute whether these calculations can be "accurately and readily determined" from the DOC website, and thus can be properly noticed. I agree.

[30] *Burke v. Miller*, 580 F.2d 108, 110–11 (4th Cir. 1978)(finding that plaintiff's failure to allege an equal protection violation necessarily forecloses a conspiracy claim under Section 1985).

[31] Plaintiff also objects to what he avers is the Chief Magistrate Judge's *sua sponte* recommendation that counts II and III be dismissed. While the record demonstrates that Defendants requested that the entirety of Plaintiff's Complaint be dismissed, I nevertheless note that, because 42 U.S.C. § 1997e(c)(1) requires the screening of Section 1983 prisoner claims dealing with prison conditions and does not contain any language regarding the timing of such screening, any *sua sponte* recommendation of dismissal would not be improper. *See Beenick v. LeFebvre*, --F.App'x. --, 2017 WL 1325690, at *2 (3d Cir. 2017)(citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109 n. 11 (3d Cir. 2002)).

attorney visits on August 14, 2014, October 30, 2014, and May 25, 2015. As noted in the Report and Recommendation, an inmate claiming that he has been denied meaningful access to the courts based on an infringement of his attorney visitation privileges must plausibly plead that that "he has sustained or is imminently in danger of sustaining a direct injury as the result of the challenged conduct."[32] In dismissing these claims, Chief Magistrate Judge Schwab reasoned that Plaintiff had failed to plausibly allege an actual injury with regard to his underlying lawsuits: *Thomas v. Department of Corrections,* No. 3:13-CV-02661, in the United States District Court for the Middle District of Pennsylvania and *Thomas v. Hileman,* No. CP-31-CV-1376-2015, in the Court of Common Pleas of Huntingdon County.[33] Plaintiff objects to this finding.

These objections, however, while requesting *de novo* review, largely rehash arguments previously considered and rejected by Chief Magistrate Judge Schwab on this matter.[34] Plaintiff, however, does argue for the first time in his Objections

---

[32] *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993)(citing *O'Shea v. Littleton*, 414 U.S. 488, 494–95 (1973)).

[33] The Report and Recommendation correctly found that Plaintiff's allegations pertaining to his inability to prepare for his testimony at a May 28, 2015 federal hearing are insufficient and should be stricken with prejudice because they do not relate to a challenge to his conviction or his conditions of confinement. *See Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008)("[P]risoners may only proceed on access-to-courts claims in two types of cases, challenges (direct or collateral) to their sentences and conditions of confinement.") (citing *Lewis v. Casey*, 518 U.S. 343, 354-55 (1996)).

[34] *See Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984)(stating that a court need not conduct a de novo review if objections are not timely or specific because doing so "would undermine the efficiency the magistrate system was meant to contribute to the judicial process." ).

that, in taking judicial notice of the *Thomas v. Hileman* suit based on documents provided by Defendants, Chief Magistrate Judge Schwab erroneously concluded that the suit was ongoing. Plaintiff avers that this case was closed on April 26, 2016 after the appellate court quashed an irregular appeal of the trial court's adverse order of December 8, 2015, and that this fact is itself sufficient to plead actual injury.[35] This argument, however, is unavailing as the Report and Recommendation also noted that "Thomas describes no facts suggesting that the dismissed claims in the underlying action were non-frivolous or arguable."[36] Therefore, because the complaint in a First Amendment access to courts claim "must describe the underlying arguable claim well enough to show that it is 'more than mere hope,'"[37] the Report's alleged error in deeming the case ongoing does not materially alter the Report's soundness. I will therefore adopt its recommendation and dismiss Counts II and III[38] without prejudice.

**AND NOW**, in accordance with the above reasoning, **IT IS HEREBY ORDERED** that:

---

[35] ECF No. 14, at 13.

[36] *See* Report and Recommendation (ECF No. 13), at 37.

[37] *Monroe*, 536 F.3d at 205–06 (citing *Christopher v. Harbury*, 536 U.S. 403, 417–18 (2002)).

[38] *See Durham v. Dep't of Corr.*, 173 F. App'x 154, 157 (3d Cir. 2006)(finding that a plaintiff had failed to state a claim for conspiracy where he had not shown an underlying constitutional injury).

1. Chief Magistrate Judge Schwab's Report and Recommendation (ECF No. 13) is **ADOPTED** in its entirety;

2. Defendants' Motion to Dismiss (ECF No. 5) is **GRANTED** in part and **DENIED** in part;

3. Defendant Ray Dunkle is **DISMISSED** from this this action **WITH PREJUDICE**;

4. Counts I, II, III, and VI are **DISMISSSED** for failure to state a claim upon which relief can be granted;

5. Plaintiff is, however, granted leave to file an amended complaint within **twenty-one (21)** days of this Order;

6. This case is **REMANDED** to Chief Magistrate Judge Schwab for further proceedings.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge