# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGEL LUIS THOMAS, | No. 3:16-CV-00451 |
| Plaintiff. | (Judge Brann) |
| v. | |
| ANGELA R. DUVALL, et al., | |
| Defendants. | |

## ORDER

**MAY 2, 2018**

**Background**

1. On March 14, 2016, Plaintiff filed an eight-count complaint ("Original Complaint") against ten defendants ("Original Defendants").[1]

2. On May 10, 2016, the Original Defendants moved to dismiss the Original Complaint.[2]

3. On March 1, 2017, Chief Magistrate Judge Susan E. Schwab issued a Report and Recommendation ("First R&R") recommending that this Court:

   a. dismiss one of the Original Defendants with prejudice;

---

[1] ECF No. 1.

[2] ECF No. 5.

  b. dismiss several of the Original Complaint's counts for failure to state a claim upon which relief can be granted; and

  c. granted Plaintiff leave to amend.[3]

4. On July 10, 2017, this Court adopted the First R&R in its entirety.[4]

5. On August 6, 2017, Plaintiff filed an Amended Complaint, which:

  a. added additional factual allegations; and

  b. joined three defendants ("Additional Defendants").[5]

6. On August 17, 2017, the Additional Defendants moved to dismiss the Amended Complaint.[6]

7. On January 29, 2018, Chief Magistrate Judge Schwab issued a Report and Recommendation ("Second R&R") recommending that this Court grant in part, and deny in part, Additional Defendants' Motion to Dismiss.[7]

## Standard of Review

8. The Additional Defendants did not object to the Second R&R. Therefore, because there is no clear error on the face of the record,[8] this Court will accept the Second R&R's conclusions

---

[3] ECF No. 13.
[4] ECF No. 18.
[5] ECF No. 21.
[6] ECF No. 24.
[7] ECF No. 32.

a. that joinder of the Additional Defendants did not exceed the scope of this Court's July 10, 2017 Order; and

b. that Plaintiff's claims against the Additional Defendants were not barred by the applicable statute of limitations.

9. Plaintiff objected to the Second R&R.[9] Therefore, this Court must conduct a *de novo* review of the Second R&R's conclusion that his Equal Protection Clause claims (Counts I and VI) should be dismissed for a failure to allege "similarly situated" individuals.

## **Analysis**

10. When bringing a claim under the Equal Protection Clause, a plaintiff must allege that he was treated differently than other, "similarly situated" individuals.[10]

11. Plaintiff's Amended Complaint alleges that the Additional Defendants violated Plaintiff's rights under the Equal Protection Clause by assigning him and other minority inmates to SCI Huntington, where conditions are allegedly "antiquated and in deplorable condition."[11]

---

[8] *Univac Dental Co. v. Dentsply Inter., Inc.*, 702 F. Supp. 2d 465, 469 (M.D. Pa. March 31, 2010).

[9] ECF No. 35.

[10] *Startzell v. City of Philadelphia*, 533 F.3d 183, 203 (3d Cir. 2008).

[11] ECF No. 21 ¶¶ 21, 161, 182.

12. For purposes of an Equal Protection Clause analysis, then, "similarly situated" individuals would be non-minority inmates assigned to prisons other than SCI Huntington.

13. Plaintiff has identified such individuals.[12]

14. Therefore, **IT IS HEREBY ORDERED** that:

   a. the January R&R, ECF No. 32, is **ADOPTED IN PART AND REJECTED IN PART**, consistent with this Order;

   b. additional Defendants' Motion to Dismiss, ECF No. 24, is **DENIED;** and

   c. all defendants—*i.e.*, Original Defendants and Additional Defendants—**SHALL ANSWER** Plaintiff's Amended Complaint within 30 days of the date of this Order.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[12] *Id.* ¶ 57.