# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGEL LUIS THOMAS, | No. 3:16-CV-00451 |
| Plaintiff, | (Judge Brann) |
| v. | (Chief Magistrate Judge Schwab) |
| ANGELA R. DUVALL, et al., | |
| Defendants. | |

## ORDER

### DECEMBER 12, 2019

Angel Luis Thomas filed this amended civil rights complaint alleging that several prison staff members violated his rights by taking certain actions to inhibit his access to an attorney.[1] In October 2019, Chief Magistrate Judge Susan E. Schwab issued a Report and Recommendation recommending that this Court grant in part and deny in part Defendants' motion for summary judgment.[2] Specifically, Chief Magistrate Judge Schwab recommends granting the motion with respect to Thomas' First and Fourteenth Amendment Equal Protection claim based upon Thomas' failure to exhaust his administrative remedies, and granting the motion as to any claims against Joanne Torma, William Nicklow, and Shirley Moore Smeal

---

[1] Doc. 21.
[2] Doc. 87.

based on the applicable statute of limitations.³ However, Chief Magistrate Judge Schwab recommends denying the remainder of the motion for summary judgment based primarily on Defendants' failure to sufficiently brief any of the relevant issues.⁴

Defendants filed timely objections to the Report and Recommendation.⁵ "If a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'"⁶ Regardless of whether timely objections are made, district courts may accept, reject, or modify—in whole or in part—the magistrate judge's findings or recommendations.⁷ After reviewing the record de novo, the Court finds no error in Chief Magistrate Judge Schwab's conclusions that Defendants' motion for summary judgment should, in large part, be denied.⁸

Although the Court need not comment to any great extent on the thorough Report and Recommendation, some objections require a brief response—either because the arguments were not addressed in the Report and Recommendation, or

---

3   *Id.* at 26-38.
4   *Id.* at 38-51.
5   Docs. 89, 91.
6   *Equal Emp't Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)).
7   28 U.S.C. § 636(b)(1); Local Rule 72.31.
8

because Defendants misunderstand the relevant case law. In their objections, Defendants contend that Thomas' Access to the Courts claim fails because it is barred by *Lewis v. Casey*, 518 U.S. 343, 355 (1996), and because no attorney entered an appearance on Thomas' behalf in his previous cases and Thomas failed to appeal the dismissal of his earlier federal civil rights action.[9] First, *Lewis* is inapplicable as, in that case, the United States Supreme Court held that prisons must affirmatively assist inmates only in certain circumstances.[10] Nothing in *Lewis*, however, gives carte blanche to prisons to interfere with a prisoner's access to an attorney.[11] Second, the Court has found no authority to support Defendants' assertion that Thomas suffered no harm because an attorney never entered an appearance on his behalf or because he never filed an appeal of the dismissal of his earlier federal case.[12]

With regard to Defendants' assertion that they are entitled to qualified immunity, the Court concludes that, at this stage of the proceedings, they are not. First, although Defendants correctly note that the United States Supreme Court has never held that the intra-corporate conspiracy doctrine does not apply to

---

[9] Doc. 91 at 4-5.
[10] *Lewis*, 518 U.S. at 355.
[11] *Sanders v. Rose*, 576 F. App'x 91, 94 (3d Cir. 2014).
[12] Notably, Thomas' failure to appeal would seem irrelevant to his current claim. Thomas' earlier civil case was dismissed because his claims were barred by the statute of limitations and because he failed to exhaust his administrative remedies. *Thomas v. Pa. Dep't of Corrs.*, 3:13-CV-02661 (M.D. Pa., Doc. 50). Both are issues that would conceivably have been prevented by competent counsel, and which would not have been rectified by any appeal. Rather, under those circumstances, an appeal would have been frivolous.

constitutional claims,[13] the United States Court of Appeals for the Third Circuit more than four decades ago first held that such a defense does *not* apply to civil rights actions, particularly when an individual is not acting in his or her official capacity.[14] Moreover, Thomas has plausibly alleged that Defendants' actions violated its governing policies that require prison officials to honor attorney-client confidentiality, and which require that "[p]ersonnel will not be stationed in such a manner as to be able to overhear normal conversation."[15] Such a violation of the prison's own policies indicates that qualified immunity is not applicable.[16]

Consequently, **IT IS HEREBY ORDERED** that:

1. Chief Magistrate Judge Susan E. Schwab's Report and Recommendation (Doc. 87) is **ADOPTED**;

2. Defendants' motion for summary judgment (Doc. 67) is **GRANTED** in part and **DENIED** in part;

---

[13] *See Ziglar v. Abassi,* 137 S. Ct. 1843, 1868 (2017).
[14] *Novotny v. Great Am. Fed. Sav. & Loan Ass'n*, 584 F.2d 1235, 1256-59 & n. 121 (3d Cir. 1978) (en banc), *vacated on other grounds*, 442 U.S. 366 (1979); *Robison v. Canterbury Village, Inc.*, 848 F.2d 424, 431 (3d Cir. 1988). *See United States v. Basroon*, 38 F. App'x 772, 781 (3d Cir. 2002) ("While the intra-corporate conspiracy doctrine has been applied by some courts to civil rights complaints brought pursuant to 42 U.S.C. [§] 1985, this court has specifically rejected the doctrine, even in the civil context").
[15] DC-ADM 812 at p. 2-3. *See also* 37 Pa. Code § 93.3(c)(1) (same).
[16] *See Hope v. Pelzer*, 536 U.S. 730, 743-44 (2002) (noting violation of regulations governing conduct of prison officials is relevant to determine whether prisoner's constitutional right was clearly established); *Young v. Martin*, 801 F.3d 172, 182 (3d Cir. 2015) (same).

3. Thomas' Equal Protection claim (Count One) as well as all claims against Torma, Nicklow, and Smeal, are dismissed from this action. All remaining claims shall proceed; and

4. A telephonic status conference shall be scheduled shortly by separate Order.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge