IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANGEL LUIS THOMAS, | | No. 3:16-CV-00451 |
| Plaintiff, | | (Judge Brann) |
| v. | | |
| ANGELA R. DUVALL, *et al.*, | | |
| Defendants. | | |

## MEMORANDUM OPINION

### OCTOBER 21 2020

## I.      BACKGROUND

Angel Luis Thomas, formerly a Pennsylvania state prisoner confined at the State Correctional Institution in Huntingdon, Pennsylvania, filed this amended civil rights complaint alleging that numerous prison officials violated his Constitutional rights.[1] Thomas raised several claims including, as relevant here, claims that Defendants interfered with his access to courts and with his rights of free speech, association, and privacy.[2] The events underlying these claims involve—to a significant degree—Thomas' attorney, Marianne Sawicki, Esq.[3]

In October 2019, Chief Magistrate Judge Susan E. Schwab issued a Report and Recommendation recommending that this Court grant in part and deny in part

---

[1]   Doc. 21.
[2]   *Id.*
[3]   *Id.*

Defendants' motion for summary judgment.[4] First, Chief Magistrate Judge Schwab recommended finding that Defendants had admitted certain facts in Thomas' amended complaint by failing to properly deny those allegations, as required by Federal Rule of Civil Procedure 8(b).[5] Specifically, she recommended that "the factual allegations in Paragraphs 37-39, 45, 59, 72, 74-76, 81, 83-84, 86-87, 90-91, 93-97, 100, 108-111, 114-115, 118-120, 122, 126, and 133-134 of the amended complaint [be] deemed admitted for the defendants' failure to deny them."[6]

With regard to Thomas' access to courts claim, Chief Magistrate Judge Schwab determined that this claim should survive summary judgment, as several admitted allegations supported Thomas' claim.[7] Specifically, two prison officials "made Thomas and Sawicki meet in the middle of the visiting room and then refused to carry papers back and forth between them after [they were] placed . . . on either side of a glass wall."[8] Additionally, Defendants "required Thomas and Sawicki to meet in a non-contact booth with inoperative phones, causing them to have to shout and allowing other inmates to hear their conversation."[9] The sum of these admitted facts "could establish that [Defendants] interfered with Thomas's ability to visit with his attorney."[10]

---

[4]   Doc. 87.
[5]   *Id.* at 16-21.
[6]   *Id.* at 20.
[7]   *Id.* at 38-43.
[8]   *Id.*
[9]   *Id.*
[10]   *Id.* at 43.

As to Thomas' freedom of speech and association claims, Chief Magistrate Judge Schwab recommended that summary judgment be denied, as Defendants failed to demonstrate a rational connection between their actions and any legitimate penological interest.[11] Chief Magistrate Judge Schwab recommended that summary judgment be granted as to Thomas' equal protection and conditions of confinement claims due to his failure to exhaust administrative remedies, and be denied as to Thomas' 42 U.S.C. §§ 1985 and 1986 conspiracy claims because Defendants failed to proffer any argument in favor of summary judgment as to those counts.[12] Over Defendants' objections, this Court adopted the Report and Recommendation.[13]

Defendants thereafter filed a motion to disqualify Sawicki as Thomas' counsel, asserting that Sawicki would need to testify at trial as to the events underlying Thomas' claims, and such testimony would be prohibited by the Pennsylvania Rules of Professional Conduct.[14] This in turn caused Thomas to file a motion for sanctions in which he asserted that Defendants knew that Sawicki would not need to testify at trial, and their motion must therefore have been filed for an improper purpose.[15]

This Court denied the motion for sanctions after concluding that Defendants had a good faith basis to believe that their motion to disqualify counsel is well-

---

[11]  *Id.* at 44-47.
[12]  *Id.* at 26-33, 51.
[13]  Doc. 94.
[14]  Docs. 100, 102.
[15]  Doc. 107.

grounded in law and fact.[16] Specifically, the Court determined that the numerous references to Sawicki in the complaint and the fact that she was Plaintiff's sole witness to many of the relevant events, combined with the high probability that Defendants would proffer evidence at trial that may necessitate testimony from Sawicki, meant that Defendants could reasonably have believed that Sawicki would be required to testify at trial, notwithstanding Sawicki's somewhat ambiguous promises that she will abide by the Pennsylvania Rules of Professional Conduct.[17]

Thomas has now filed a motion for reconsideration of this Court's Order denying sanctions.[18] Although Thomas cavils about a number of issues, his motion may be divided into three general categories. First, Thomas contends that there is no evidence that Defendants had a legitimate security interest in restricting his ability to meet with counsel and, therefore, that the Court erred in concluding that Sawicki may need to testify to counter Defendants' potential assertion that she may have posed a safety threat to the prison.[19] Second, Thomas contends that "[i]t is the prerogative of plaintiff's counsel to decide what evidence to present at trial" and, therefore, Sawicki's assertion that she may not testify at trial must be respected, and the motion for sanctions must be granted.[20] Third, Thomas argues that Sawicki never

---

[16] Docs. 114, 115.
[17] Doc. 114.
[18] Doc. 116.
[19] *Id.* at 10-11.
[20] *Id.* at 12-13.

stated that she would testify at trial, and the Court committed a clear error by concluding that she had.[21]

Defendants oppose the motion, asserting that Thomas has not alleged any proper reason for granting reconsideration.[22] Specifically, Defendants contend that the admitted facts do not support Thomas' causes of action, and it is therefore likely that Sawicki would need to testify at trial—particularly since there is evidence in the record to support Defendants' contention that they could reasonably have believed that Sawicki may have presented a security threat.[23] Thomas has filed a reply brief,[24] and this matter is now ripe for disposition. For the following reasons, Thomas' motion will be denied.

## II.   DISCUSSION

To properly support a motion for reconsideration, a party must demonstrate "at least one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."[25] As to the third ground, in reviewing for clear error, reconsideration is warranted only if the "[C]ourt is left with the definite and firm conviction that a

---

[21]   *Id.* at 13-14.
[22]   Doc. 119.
[23]   *Id.* at 3-4.
[24]   Doc. 123.
[25]   *In re Vehicle Carrier Servs. Antitrust Litig.*, 846 F.3d 71, 87 (3d Cir. 2017) (ellipsis and internal quotation marks omitted).

mistake has been committed."[26] "Thus, [to warrant reconsideration, the movant] must show more than mere disagreement with the earlier ruling; [he] must show that the . . . Court committed a direct, obvious, or observable error, and one that is of at least some importance to the larger proceedings."[27] Thomas does not argue that there has been an intervening change of controlling law or newly discovered evidence, but instead asserts that the Court committed clear errors of fact or law in concluding that sanctions are not appropriate.

As to Thomas' assertion that the Court erred in concluding that Sawicki may need to testify to counter any concerns regarding the safety threat that she allegedly posed to the prison,[28] the Court finds no clear error of fact or law. To the extent that Thomas asserts Defendants never proffered a reason why they believed Sawicki may present a security threat, and that no evidence supports the Court's statement that Defendants believed Sawicki was acting inappropriately during prison visits, this assertion is plainly contradicted by the record.

Documents attached to Defendants' statement of facts in support of their motion for summary judgment contain testimony at a preliminary injunction hearing[29] wherein two witnesses testified that Sawicki's behavior was abnormal and

---

[26] *Prusky v. ReliaStar Life Ins. Co.*, 532 F.3d 252, 258 (3d Cir. 2008) (internal quotation marks omitted).

[27] *In re Energy Future Holdings Corp.*, 904 F.3d 298, 312 (3d Cir. 2018) (brackets, quotation marks, and citation omitted).

[28] Doc. 117 at 10-11.

[29] In its earlier Memorandum Opinion denying Thomas' motion for sanctions the Court erroneously referred to this as deposition testimony. (Doc. 114 at 8).

gave them concern that she may have been attempting to smuggle contraband into the prison.[30] This included, *inter alia*, Sawicki's habit of hugging and kissing the inmates whom she was visiting.[31] Consequently, as discussed in this Court's Memorandum Opinion addressing Thomas' motion for sanctions, there is evidence to support Defendants' contention that Sawicki may have been a security threat, and they are likely to offer testimony in support of this assertion at trial; this, in turn, may require Sawicki to testify at trial to counter such evidence.[32]

Second, with respect to Thomas' assertion that it is solely within Sawicki's prerogative whether to testify,[33] this may be true as a general matter,[34] but that does not by itself render Defendants' motion to disqualify improper. At bottom, Thomas' motion for reconsideration evidences a fundamental misunderstanding of the

---

[30] *See* Doc. 68-7 at 56, 59-61, 78-79, 89-90, 97, 122-29.

[31] *Id.* Although Thomas argues that this testimony cannot be relied upon because the late Honorabe A. Richard Caputo gave no weight to the testimony in ruling upon a motion for a preliminary injunction, (Doc. 117-6 at 22-23), this argument holds no weight for two reasons. First, this Court is not bound by the determinations and decisions made by a different judge in a different case. This is especially true since issues of credibility and accuracy are matters that should be left to a jury—evidence should not be excluded for any reason other than that it is inadmissible under the Federal Rules of Civil Procedure, and there is no allegation here that such testimony is properly excludable under those Rules. Second, Judge Caputo did not reject the testimony because it was false or unbelievable, but because it was irrelevant to the issue of whether a preliminary injunction should issue since the witnesses did not link that behavior to their actions. *Id.*

[32] *See* Doc. 114 at 7-10. Sawicki also asserts, somewhat confusingly, that Defendants asserted that Sawicki wanted an exception to their policies and, thus, "do not discuss 'their actions' but only their policies as such." Doc. 117 at 10. However, Thomas challenges Defendants' actions, and Defendants clearly argue that their actions are constitutionally permissible. It is Defendants' actions that are at issue here, not their policies.

[33] Doc. 117 at 12-13.

[34] Sawicki should, of course, remember that her duty is to her client and it therefore is not, strictly speaking, solely within her power to decide whether to testify, as she must consult with Thomas regarding this issue.

standard for consideration of a motion for sanctions. The question that this Court considered is not whether Sawicki *would* testify, but whether Defendants held an objective belief that their motion was well-grounded, that is to say, whether Defendants *reasonably believed* that Sawicki would testify.[35]

Regardless of whether Sawicki will actually testify, as discussed at length in this Court's Memorandum Opinion denying Thomas' motion for sanctions,[36] Defendants held an objectively reasonable belief that their motion was well-grounded in law and fact.[37] Of equal importance, although Sawicki never expressed that she would testify, neither did she unequivocally express that she would not testify. Given Defendants' well-founded concern that Sawicki would need to testify at trial, her refusal to rule out that possibility provided a reasonable basis for Defendants' motion to disqualify. Because Defendants could reasonably have concluded that Sawicki would testify at trial, their motion was well-founded and neither sanctions nor reconsideration of this Court's denial of the motion for sanctions is warranted.

---

[35] *Ford Motor Co. v. Summit Motor Prods., Inc.*, 930 F.2d 277, 289 (3d Cir. 1991) (citations and internal quotations omitted)

[36] Doc. 114.

[37] While Thomas contends that the Pennsylvania Rules of Professional Conduct are not prophylactic and may not be used preemptively to prevent an attorney from testifying at trial, he provides no support for this assertion. To the contrary, Rule 3.7 is very clear that "[a] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness." This language clearly indicates that it applies prophylactically, and numerous courts have applied it to disqualify counsel prior to trial, including in criminal matters. *E.g.*, *United States v. Santiago*, 916 F. Supp. 2d 602, 618-19 (E.D. Pa. 2013).

Additionally, the Court is not convinced that reconsideration is warranted based upon Thomas' assertion that "facts that are admitted do not go to a jury. The jury's job is to find facts on the basis of evidence; admitted facts require no evidence."[38] Thomas essentially argues that the jury will not see the admitted facts and, thus, those facts need not be explained or contextualized. However, a jury's role goes beyond finding facts; a jury's most important duty is to render a verdict based upon the facts found and the law as provided by the Court. It is difficult to see how the jury could render a verdict if it never viewed the admitted facts.

Moreover, it is apparent to the Court that—despite Thomas' protestations to the contrary—the paragraphs of the amended complaint that have been deemed admitted are insufficient to establish the elements of Thomas' claims, for reasons that this Court has already explained.[39] Thomas nevertheless points to some of the admitted paragraphs and claims that those admissions establish the elements of his claims because the paragraphs state that "there was no legitimate correctional or other state interest served" in Defendants' actions.[40] That statement, repeated in several paragraphs, is not a statement of fact but, rather, is a legal conclusion. Magistrate Judge Susan E. Schwab's Report and Recommendation, which was adopted by this Court, made clear that only "the factual allegations" contained within

---

[38]  *Id.* at 12.
[39]  Doc. 114.
[40]  Doc. 123 at 5-6.

the paragraphs would be deemed admitted.[41] Accordingly, the language cited by Thomas does not assist in proving the elements of his claims.

Finally, Thomas seeks to have facts deemed admitted for the purposes of this motion by virtue of Defendants' technical non-compliance with the Court's Local Rules, which he argues should result in this Court granting his motion for reconsideration.[42] Thomas contends that, pursuant to Local Rule 7.8(a), Defendants were required to submit a counter statement of facts to the statement of facts contained in Thomas' brief in support of his motion for reconsideration, and their failure to so do must result in all factual averments made in Thomas' brief being deemed admitted.[43] It is true that Local Rule 7.8(a) provides that "[i]f counter statements of facts . . . are not filed, the statements of the moving party will be deemed adopted." However, none of the facts contained in Thomas' brief—even if adopted for the purposes of this motion—establish that reconsideration is warranted. These facts primarily relate to the deposition testimony in this matter, and to Judge Caputo's determinations in a different case. For reasons already explained above, these facts do not undermine the Court's prior decision.

---

[41]   Doc. 87 at 20.
[42]   Doc. 123 at 2-3.
[43]   *Id.*

## III.    CONCLUSION

The Court concludes that Thomas has not proffered sufficient reason for the Court to reconsider its July 7, 2020 Memorandum Opinion and Order. Consequently, the Court will deny Thomas' motion for reconsideration.

An appropriate Order follows.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge