IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGEL LUIS THOMAS, | No. 3:16-CV-00451 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| ANGELA R. DUVALL, *et al.*, | |
| Defendants. | |

MEMORANDUM OPINION

NOVEMBER 10, 2021

I.  BACKGROUND

Angel Luis Thomas, formerly a Pennsylvania state prisoner confined at the State Correctional Institution in Huntingdon, Pennsylvania ("SCI Huntingdon"), filed this amended civil rights complaint alleging that numerous prison officials violated his Constitutional rights.[1] Thomas raised several claims, including claims that Defendants interfered with his right of access to courts and his rights of free speech, association, and privacy, conspired to deprive Thomas of those constitutional rights, and conspired to interfere with Thomas' ability to testify in federal court.[2]

In October 2019, Magistrate Judge Susan E. Schwab issued a Report and Recommendation recommending that this Court grant in part and deny in part

---

[1] Doc. 21.
[2] *Id.*

Defendants' motion for summary judgment.[3] First, Magistrate Judge Schwab recommended finding that Defendants had admitted certain factual allegations in Thomas' amended complaint by failing to properly deny those allegations, as required by Federal Rule of Civil Procedure 8(b)(6).[4]

As to Thomas' access to courts claim, Magistrate Judge Schwab recommended that this claim survive summary judgment, since several admitted allegations supported Thomas' claim.[5] Specifically, prison officials "made Thomas and Sawicki meet in the middle of the visiting room and then refused to carry papers back and forth between them after [they were] placed . . . on either side of a glass wall."[6] Additionally, Defendants "required Thomas and Sawicki to meet in a non-contact booth with inoperative phones, causing them to have to shout and allowing other inmates to hear their conversation."[7] These admitted facts "could establish that [Defendants] interfered with Thomas's ability to visit with his attorney."[8]

With regard to Thomas' freedom of speech and association claims, Magistrate Judge Schwab recommended that summary judgment be denied, since Defendants failed to demonstrate a rational connection between their actions and any legitimate penological interest.[9] Magistrate Judge Schwab recommended that summary

---

[3] Doc. 87.
[4] *Id.* at 16-21.
[5] *Id.* at 38-43.
[6] *Id.*
[7] *Id.*
[8] *Id.* at 43.
[9] *Id.* at 44-47.

judgment be granted as to Thomas' equal protection and conditions of confinement claims due to his failure to exhaust administrative remedies, and be denied as to Thomas' 42 U.S.C. §§ 1985(2) and 1986 conspiracy claims because Defendants failed to proffer any argument in favor of summary judgment as to those counts.[10] Over Defendants' objections, this Court adopted the Report and Recommendation.[11]

Following the Court's Order regarding summary judgment, several further motions were filed. First, Defendants filed a motion to disqualify Thomas' attorney at trial, which this Court granted.[12] Prior to the Court granting that motion, Thomas filed a motion for sanctions, which this Court denied.[13] Thomas then filed a motion for reconsideration of the Order denying sanctions, which was also denied.[14] Finally, this Court denied Thomas' motion for judgment on the pleadings after concluding that nothing in Defendants' admissions unequivocally established their liability, as Defendants may still attempt to demonstrate at trial that their actions were rationally connected to a legitimate governmental interest.[15]

---

[10]  *Id.* at 26-33, 51.
[11]  Doc. 94.
[12]  Docs. 100, 127, 128.
[13]  Docs. 107, 114, 115.
[14]  Docs. 116, 125, 126.
[15]  Docs. 138, 139. Thomas thereafter filed a petition for a writ of mandamus with the United States Court of Appeals for the Third Circuit seeking an Order instructing this Court to deem admitted certain paragraphs from the amended complaint, which would then necessitate that the Court grant Thomas' motion for judgment on the pleadings; the Third Circuit denied Thomas' petition, and denied his petition for rehearing en banc. *In re Thomas*, No. 21-1705 (3d Cir. 2021, ECF Nos. 1, 2, 7).

This matter has been scheduled for trial beginning in December 2021, and now pending before the Court are three motions *in limine* filed by Thomas.[16] Thomas first argues that Defendants should be prohibited from referencing "the specifics of his crime" of conviction at trial, as the facts underlying his conviction are irrelevant.[17] Defendants respond that such evidence is admissible under Federal Rule of Evidence 609, and the Court as factfinder should be permitted to evaluate Thomas' credibility in light of his prior conviction.[18]

Second, Thomas asserts that this Court should prevent Defendants from presenting any evidence of legitimate correctional concerns that could justify an impingement of Thomas' constitutional rights.[19] Thomas argues that Defendants offered no specifics during discovery as to whether any legitimate concerns may have justified their actions with respect to Thomas and, accordingly, Defendants should be prohibited from referencing any such concerns at trial.[20] Defendants respond that nothing in their discovery responses should preclude evidence of a correctional interest that would justify Defendants' actions, and Thomas "was well aware of the Defendants' position that the actions of his attorney caused Staff at SCI-

---

[16] Docs. 146, 148, 150. Although there are three pending motions, counsel for Thomas, Marianne Sawicki, has notified the Court that there is no longer any conflict that would prevent her from testifying at trial. Doc. 161. Accordingly, Thomas' motion *in limine* seeking to admit Sawicki's deposition testimony is moot and will be denied as such.
[17] Doc. 147 at 4; *see id.* at 4-6.
[18] Doc. 153.
[19] Doc. 151.
[20] *Id.* at 5-12.

Huntingdon to be suspicious of her" and, consequently, evidence of such concerns is admissible at trial.[21]

Thomas has filed reply briefs,[22] and these motions are now ripe for disposition. For the following reasons, Thomas' motion to exclude evidence of the facts underlying his prior conviction will be granted, while the motion to preclude evidence of security concerns will be denied.

## II.   DISCUSSION

Courts exercise discretion to rule *in limine* on evidentiary issues "in appropriate cases."[23] While motions *in limine* may serve as a useful pretrial tool that enables more in-depth briefing than would be available at trial, a court may defer ruling on such motions "if the context of trial would provide clarity."[24] "[M]otions *in limine* often present issues for which final decision is best reserved for a specific trial situation."[25] Thus, certain motions, "especially ones that encompass broad classes of evidence, should generally be deferred until trial to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context."[26] Specifically, "*pretrial* Rule 403 exclusions should rarely be granted . . . [as] a court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes

---

[21] Doc. 155.
[22] Docs. 157, 159.
[23] *In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds sub nom. Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).
[24] *Frintner v. TruePosition*, 892 F. Supp. 2d 699, 707 (E.D. Pa. 2012).
[25] *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 518 n.10 (3d Cir. 1997).
[26] *Leonard v. Stemetech Health Scis., Inc.*, 981 F. Supp. 2d 273, 276 (D. Del. 2013).

until it has a full record relevant to the putatively objectionable evidence."[27] Regardless, "*in limine* rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial."[28]

### A. Motion to Exclude Facts of Underlying Conviction

First, Thomas argues that the Court should exclude facts related to his prior conviction, as those facts are irrelevant to this case and would serve only as improper character evidence.[29] Defendants respond that the facts are admissible under Federal Rule of Evidence 609.[30]

Federal Rule of Evidence 609 provides that, when a party seeks "to attack[] a witness's character for truthfulness by evidence of a criminal conviction," evidence of any conviction for a crime that "was punishable by death or by imprisonment for more than one year, the evidence . . . must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant."[31] Rule 403 in turn provides that a "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[32] Evidence is relevant if "it has any

---

[27] *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990).
[28] *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).
[29] Docs. 146, 147.
[30] Doc. 153.
[31] Fed. R. Evid. 609(1).
[32] Fed. R. Evid. 403.

6

tendency to make a fact more or less probable than it would be without the evidence."[33]

The Court concludes that the facts underpinning Thomas' prior conviction have some relevance to this trial. Thomas will presumably testify at trial and, thus, his credibility will be an important consideration in evaluating the veracity of his testimony. As the Third Circuit has emphasized, "Rule 609 is premised on the common sense proposition that one who has transgressed society's norms by committing a felony is less likely than most to be deterred from lying under oath."[34] Thomas' prior conviction therefore bears some relevance to his credibility.

However, the Court concludes that such relevance is outweighed by the danger of "wasting time" that could occur if Defendants were permitted to introduce evidence of the facts underpinning Thomas' prior conviction.[35] The introduction of such evidence would likely lead Thomas to attempt to refute that evidence and could turn this relatively minor issue into an unnecessary trial within a trial, which would delay the proceedings with minimal tangible benefit. The Court therefore concludes that, under the Rule 403 balancing test, evidence related to the facts underlying

---

[33] Fed. R. Evid. 401.
[34] *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 523 (3d Cir. 1997).
[35] Defendants argue that "Rule 403 is not applicable in a bench trial since this evidence will not cause confusion or prejudice." Doc. 153 at 2. Many courts have concluded that Rule 403 is generally not applicable in bench trials "where the potential for prejudice is minimized, if not eliminated." *Smith v. Overmyer*, No. CV 16-4762, 2018 WL 3097350, at *8 (E.D. Pa. Jan. 29, 2018) (brackets and internal quotation marks omitted, and collecting cases), *report and recommendation adopted*, No. CV 16-4762, 2018 WL 3092606 (E.D. Pa. June 22, 2018). However, Rule 403 concerns related to wasting time and the introduction of cumulative evidence remain applicable in a bench trial.

7

Thomas' conviction are inadmissible at trial, and Thomas' motion *in limine* will be granted.

### B. Motion to Preclude Evidence of Security Concerns

Thomas next asserts that Defendants should be prohibited from introducing any evidence of security concerns that may justify their actions, as they failed to specifically disclose such concerns during discovery.[36] Defendants argue that, regardless of the answers propounded to Thomas' discovery requests, "Plaintiff was well aware of the Defendants' position that the actions of his attorney caused Staff at SCI-Huntingdon to be suspicious of her" and, consequently, Defendants' discovery "answers do not preclude Defendants testimony about the security risks posed by Sawicki, nor do they preclude the testimony of Captains Smith and Harris."[37]

Federal Rule of Civil Procedure 26 mandates certain disclosures and requires supplementation of those disclosures as needed. Accordingly, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."[38] In addition to, or instead of, exclusion of such evidence, courts may "order payment

---

[36] Doc. 151.
[37] Doc. 155 at 2.
[38] Fed. R. Civ. P. 37(c)(1).

of the reasonable expenses, including attorney's fees, caused by the failure," inform the jury of the failure, or "impose other appropriate sanctions."[39]

Although "Rule 37 is written in mandatory terms . . . the rule does not leave district courts without discretion."[40] Moreover, the Third Circuit "recognizes that the exclusion of evidence for failure to comply with a pretrial order is an 'extreme sanction' that is not normally imposed 'absent a showing of willful deception or flagrant disregard of a court order by the proponent of the evidence.'"[41] Consequently, when deciding whether to exclude evidence based on an alleged discovery violation, courts

> must consider four factors: (1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted; (2) the ability of the party to cure that prejudice; (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and (4) bad faith or wil[l]fulness in failing to comply with a court order or discovery obligation.[42]

Upon consideration of those factors, the Court determines that the challenged evidence should not be excluded. As to the first factor, the prejudice or surprise to Thomas, the Court concludes that there is little surprise here. As Defendants note, their defense was raised in a previous case involving Thomas' attorney, and was included in Defendants' motion for summary judgment.[43] Thomas argued

---

[39] *Id.*
[40] *Newman v. GHS Osteopathic, Inc., Parkview Hosp. Div.*, 60 F.3d 153, 156 (3d Cir. 1995).
[41] *Canterna v. United States*, 319 F. App'x 93, 98 (3d Cir. 2008) (quoting *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 905 (3d Cir. 1977)).
[42] *Nicholas v. Pa. State Univ.*, 227 F.3d 133, 148 (3d Cir. 2000).
[43] Doc. 155 at 2.

strenuously against Defendants' asserted interest and directly cited to documents from that prior case.[44] This demonstrates that Thomas was well aware of the defense that would be proffered by Defendants.

If counsel for Thomas believed, as she asserts, that Defendants had no legitimate justification for their actions, had so admitted in their answers, and had forfeited the ability to present any evidence to the contrary at trial by failing to explicitly identify that evidence in their discovery responses,[45] it would constitute, at best, an odd decision to forego filing a motion for summary judgment, since Thomas would be entitled to judgment in his favor under such circumstances. But counsel did not file a motion for summary judgment; the Court interprets that failure as an implicit admission that Thomas understood—as was confirmed by Defendants' motion for summary judgment—that Defendants would assert that their actions were taken in furtherance of a legitimate correctional interest.

Of equal importance, Thomas did not seek to reopen discovery after the dispositive motions stage to pursue additional information about Defendants asserted correctional interest. Additional discovery regarding that correctional interest would have mitigated any purported surprise or prejudice. Thomas failed to file such a motion despite more than fifteen months elapsing between the date that this Court ruled on Defendants' motion for summary judgment and the date that this

---

[44] Doc. 83 at 39-43.
[45] Doc. 151 at 10-12.

Court issued a scheduling order that set this matter for trial, which offered ample time to conduct additional discovery. Thomas failed to file a motion to reopen discovery despite having filed: a motion for sanctions, a motion for reconsideration of the denial of the motion for sanctions, a brief in opposition to a motion to disqualify Thomas' counsel, a motion for judgment on the pleadings,[46] a petition for a writ of mandamus with the Third Circuit, and a petition for rehearing en banc of the decision denying a writ of mandamus.[47]

The failure to file a motion to reopen discovery—despite ample opportunity to so do—strongly indicates to the Court that Thomas was not surprised by the defense proffered by Defendants, and believed that he did not require any additional information or discovery.[48] Accordingly, the first factor weighs in favor of admitting the challenged evidence.

Second, there is little prejudice to cure, given that Thomas was aware of Defendants' proffered defense years ago. Furthermore, any inability to cure that potential prejudice would result almost entirely from Thomas' failure to attempt to

---

[46] Docs. 107, 116, 118, 129.
[47] *In re Thomas*, No. 21-1705 (3d Cir. 2021, ECF Nos. 1, 3).
[48] It is possible that Thomas' attorney made a strategic decision to forgo seeking additional discovery in an attempt to gain a strategic advantage by eliminating any possible defense before trial even began. It that were the case, counsel and her client must accept the consequence of such a failed gambit.

mitigate the prejudice by seeking to reopen discovery, which militates against granting Thomas' motion.[49]

Third, presentation of the challenged evidence would not disrupt an orderly and efficient trial of the case. Not only does Thomas not make any assertion that the evidence would disrupt trial,[50] but his knowledge of the evidence that Defendants intend to present undercuts any notion that Thomas would be unprepared to respond to that evidence at trial, or that the presentation of that evidence would result in any delay. Finally, there is no evidence of any bad faith or willfulness on Defendants' part, nor does Thomas assert that Defendants acted willfully or in bad faith. Defendants' failure to answer Thomas' discovery in the manner that he would have liked may simply have resulted from Thomas failing to ask the correct questions, or from mistake or oversight on Defendants' part. In sum, all four factors weigh against excluding the challenged evidence, and Thomas' motion will be denied.

## III.   CONCLUSION

In accordance with the above discussion, Thomas' motion *in limine* to exclude evidence related to the facts underlying his prior conviction will be granted, while the motions *in limine* seeking to admit his attorney's deposition testimony and

---

[49] *See Pacheco v. Kazi Foods of N.J., Inc.*, No. CIV.A. 03-CV-02186, 2004 WL 834707, at *1 n.1 (E.D. Pa. Mar. 29, 2004) ("The argued significance of plaintiff's prejudice is belied by her failure to take steps to mitigate any prejudice"). *Cf. T. Levy Assocs., Inc. v. Kaplan*, No. CV 16-4929, 2017 WL 3597474, at *4 (E.D. Pa. Aug. 21, 2017) ("Defendants' failure to request a curative instruction renders their belated objection untimely because doing so deprived us of the opportunity to mitigate prejudice").

[50] *See* Docs. 150, 151, 159.

seeking to exclude evidence related to Defendants' correctional concerns will be denied.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge